UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LIZA CALANDRINO,

                       Plaintiff(s),                        **COMPLAINT**

    -against-                            **PLAINTIFF DEMANDS**
                                                     **TRIAL   BY   JURY**

THE LONG ISLAND RAILROAD COMPANY,

                       Defendant(s).
-----------------------------------------------------------X

       Plaintiff, by her attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

       1.   The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 5l, et seq.).

       2.   Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

       3.   Upon information and belief and at all times herein mentioned, the defendant had been and still is doing business in the County of Suffolk, State of New York, within the jurisdiction of this Court and in various other states.

       4.   At all times herein mentioned, the defendant was and still is a common carrier by rail engaged in interstate commerce between different states in the United States.

       5.   That prior to June 18, 2019 and at all times hereinafter mentioned the defendant employed the plaintiff, LIZA CALANDRINO, as a Car Inspector under its direction, supervision and control and in furtherance of its business in interstate commerce.

6. That on and prior to June 18, 2019, and at all times hereinafter mentioned, the defendant maintained and controlled certain railroad operations at Babylon Yard, Babylon, New York, more particularly the area between Tracks 13 & 14, which included the tracks, rails, platforms, switches, sidings, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

7. That the defendant was under a duty to keep its premises aforementioned in a safe condition and free from any and all hazards, as well as a duty to provide the plaintiff with a safe work place and/or safe tools, equipment and/or personnel with which to work.

8. That on or about June 18, 2019, while the plaintiff, as an employee of the defendant, was in the performance of her duties as a Car Inspector at or near the aforesaid location, and while she was working alongside and/or underneath a train car situated thereat, she was caused to slip, trip and/or fall upon a chunk of discarded concrete that was imbedded within the ballast situated thereat thereby sustaining injury.

9. That on or about June 18, 2019, while the plaintiff, as an employee of the defendant, was in the performance of her duties as a Car Inspector at or near the aforesaid location, she was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide her with a safe place to work and/or safe tools, equipment and/or personnel with which to work, as hereinafter set forth.

10. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and/or safe tools, equipment and/or personnel with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at

the aforesaid place; in failing to inspect, maintain and keep in good repair the plaintiff's work place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Customer Service Supervisor; in failing to provide the plaintiff with the necessary and proper tools, equipment and/or personnel with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

11. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

12. That the plaintiff, LIZA CALANDRINO was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

WHEREFORE, plaintiff, LIZA CALANDRINO, demands judgment against the defendant LONG ISLAND RAILROAD COMPANY, in the sum of THREE MILLION ($3,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
       March 30, 2022

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 314
Rockville Centre, NY 11570
516-678-3500